IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICKY NORWOOD, Jr., #2206 4035,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-02862-JPG |
| | ) | |
| **CLAY CARTER,** | ) | |
| **BRIAN CARTER,** | ) | |
| **TROY REED,** | ) | |
| **KEVIN KRIPPS,** | ) | |
| **KEEFE COMPANY,** | ) | |
| **and IC SOLUTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ricky Norwood, Jr., an inmate in Marion County Law Enforcement Center, brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff complains about negligent safety protocols, price gouging, false advertising, mishandling of inmate trust fund accounts, and mishandling of grievances at the Jail. (Doc. 1). He seeks monetary relief. *Id*. at 10.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff complains about five aspects of his confinement at Marion County Law Enforcement Center, and his complaints are summarized below. (Doc. 1, pp. 7-9).

First, Plaintiff alleges that the Jail is not equipped with carbon monoxide detectors or a proper fire alarm system. When he filed grievances to address his concerns, Brian Carter said the systems were working "as far as he knew," Troy Reed said they were "still working on the issue," and Kevin Kripps ignored his grievances altogether. Plaintiff brings a claim against these defendants for negligence. *Id*. at 7.

Second, Plaintiff was informed by Brian and Clay Carter that the Jail would be switching to a new vendor for commissary supplies after Keefe Company notified the Jail of its decision to increase prices for commissary items in a letter dated August 15, 2022. When no new vendor was selected, Plaintiff complained that excessive commissary prices violated Jail Administrative Code 701.250, providing that commissary prices should not exceed prices of local stores. Troy Reed responded to this grievance, by stating that he would speak with Keefe Company. Plaintiff then filed a grievance with the sheriff and received no response. Plaintiff brings a claim against the defendants for price gouging. *Id*.

Third, IC Solutions, the Jail's phone provider, has increased prices for phone calls by one cent ($0.01). In August 2022, IC Solutions charged $3.48 for phone calls. Now, calls cost $3.49. Plaintiff argues that calls should really only cost $3.45. In response to his grievance about the issue, Clay Carter agreed to contact IC Solutions. When Plaintiff appealed to Troy Reed and Kevin Kripps, he received no response. Plaintiff characterizes this as false advertising. *Id*. at 8.

2

Fourth, Plaintiff maintains that fifteen percent of profits on sales from commissary and calls are set aside to "buy things for the jail." *Id*. Plaintiff submitted a grievance asking that these funds be used for inmate recreation (*i.e.*, televisions and board games), education, grooming supplies, and religious items. Plaintiff claims the funds have instead been used to purchase additional cleaning supplies, bed linens, and housing materials. Plaintiff characterizes this as a mishandling of inmate trust funds. *Id*.

Finally, Plaintiff complains that Troy Reed and Kevin Kripps have not responded to his grievances for two months. He brings a claim against them for "abridging the grievance process." *Id*. at 8.

Plaintiff asserts the following claims against Defendants in the *pro se* Complaint:

**Count 1:** Negligence claim against Defendants for failing to install carbon monoxide detectors and a proper fire alarm system at the Jail.

**Count 2:** Price gouging claim against Defendants for failing to use a new commissary supplier, after learning that Keefe Company intended to increase the prices of commissary items on or around August 2022, in violation of Jail Administrative Code 701.250.

**Count 3:** False advertising claim against Defendants for charging $3.49 for phone calls when inmates were previously charged $3.48 and should actually be charged $3.45.

**Count 4**: Inmate trust fund abuse claim against Defendants for using fifteen percent of profits from commissary sales and phone calls to purchase cleaning supplies, bed linens, and housing materials for the Jail instead of using those funds as Plaintiff requested for education, recreation, religious exercise, and grooming supplies.

**Count 5:** Grievance mishandling claim against Troy Reed and Kevin Kripps.

**Any other claim not addressed herein is dismissed without prejudice as inadequately pled.**[1]

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Upon careful review of the Complaint, the Court deems it appropriate to exercise its authority under § 1915A and dismiss this action as being frivolous, meritless, and for failure to state a claim for relief. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

### Count 1

Count 1 stems from allegations of negligence for failing to install carbon monoxide detectors or a proper fire alarm system at the Jail. Negligence does not, and cannot, support a claim for unconstitutional conditions of confinement under 42 U.S.C. § 1983. The Eighth Amendment prohibits cruel and unusual punishment meted out against convicted persons, and the Due Process Clause of the Fourteenth Amendment prohibits all punishment against pretrial detainees. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). Negligence does not support a claim under the Eighth or Fourteenth Amendment.

This claim fails for another reason. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must establish that he suffered a

deprivation of his federal rights by a defendant who acted under color of state law.  *Id.*; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993).  Liability requires involvement in the constitutional deprivation.  *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988).  Plaintiff must set forth allegations suggesting that each individual defendant directly participated in a deprivation of his constitutionally or federally protected rights.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  Here, Plaintiff merely states that he asked about the status of the carbon monoxide detectors and fire alarm systems at the Jail; he does not allege or suggest the any defendants played a role in the decision about these systems or their maintenance.  For these reasons, Count 1 cannot proceed and shall be dismissed with prejudice against the defendants.

**Counts 2, 3, and 4**

Counts 2, 3, and 4 arise from concerns about the cost of commissary items and phone calls and the use of profits derived from their sales to make purchases for inmate supplies and services.  Plaintiff's disagreement about the cost of these items or use of related profits falls far short of stating a claim for any constitutional deprivation under Section 1983.

Plaintiff points to a Jail regulation that limits commissary prices to equivalent rates charged for the same items at local stores, *i.e.*, Jail Administrative Code 701.250.  However, he offers no single example of price increases the exceed local rates.  And, Illinois state statutes permit jails to recoup costs for expenses incurred from incarceration.  *See* 730 ILCS 125/20(a) (county board may require convicted persons confined in its jail to reimburse the county for expenses incurred by their incarceration to the extent of their ability to pay).  The Jail can charge

5

for commissary items.  If Plaintiff disagrees with the cost of any items, he can choose not to purchase them.

The same can be said of charges for phone calls.  Relevant state regulations do not specify how much county jails can charge, instead stating: "[D]etainees may be required to bear the expense of any telephone calls they make or to place only collect calls." 20 ILL. ADM. CODE 701.190 (d).  The Court is unaware of a federal regulation or state statute that caps the amount county jails can charge for phone calls.  The Seventh Circuit has held that telephone rates, even high rates, do not violate the First Amendment.  *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001).  The same case foreclosed relief based on telephone rates under the Takings Clause or the Due Process clause.  *Id*. at 564-66.  Plaintiff has no constitutional claim based on the rate for telephone service.

Finally, Plaintiff's disagreement with the manner in which the Jail spends its profits from commissary and phone sales is just that – a difference of opinion with Jail administrators.  He offers no allegations which remotely suggest the Jail misused his trust fund account or inmate trust funds, generally, in a manner that implicates the Constitution or that any defendants were personally involved in the misuse of funds.  Accordingly, Counts 2, 3, and 4 shall be dismissed with prejudice.

## Count 5

Count 5 stems from the mishandling of grievances at the Jail.  Plaintiff alleges that Troy Reed and Kevin Kripps did not respond to his grievances during a two-month period.  This gives rise to no constitutional claim because the Constitution does not require jails to provide a grievance procedure in the first place.  Moreover, the creation of this procedure does not give rise to a constitutionally protected right.  *Daniel v. Cook County*, 833 F.3d 728, 736 (7th Cir.

2016); *Owens v. Hinsley*, 635 F.3d 950-, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008).  Count 5 shall also be dismissed with prejudice.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** with prejudice against **ALL DEFENDANTS** as factually and/or legally frivolous and for failure to state a claim. Plaintiff's claims against **ALL DEFENDANTS** pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice.  Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: 8/23/2023                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**